**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FRACTAL ANALYTICS, INC.<br>951 Mariners Island, Suite 307, San Mateo,<br>California 94404,<br><br>     Plaintiff,<br><br>v.<br><br>FRACTALANALYTICSPRO.COM, an Internet<br>domain name,<br><br>     Defendant. | Civil Action No. _____<br>1:18cv853 (CMH/MSN) |

## COMPLAINT

Plaintiff Fractal Analytics, Inc., by counsel, alleges as follows for its *in rem* Complaint against Defendant FractalAnalyticsPro.com (hereinafter the "Domain Name").

## NATURE OF THE SUIT

1.      This is an *in rem* action for cybersquatting and trademark infringement under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## PARTIES

2.      Fractal Analytics, Inc. (hereinafter "Fractal Analytics") is a corporation organized and existing under the laws of New York with a principal business address of 951 Mariners Island, Suite 307, San Mateo, California 94404.

3.      Fractal Analytics was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

4.      FractalAnalyticsPro.com is an internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by the registrar

GoDaddy.com, LLC to an unknown registrant.  A copy of the domain name registration record for FractalAnalyticsPro.com is attached as Exhibit A showing that GoDaddy is concealing the registrant of the Domain Name.

## JURISDICTION, VENUE AND JOINDER

5.     This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

6.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A).   *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrant of the Defendant Domain Name is being concealed by the registrar and therefore Plaintiff cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Fractal Analytics, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

8.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Fractal Analytics will give notice of the violations of Fractal Analytics' rights, and Fractal Analytics' intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for the Defendant Domain Name.

9.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial District, and the Defendant Domain Name is a .COM domain name.

## FRACTAL ANALYTICS' RIGHTS

10.     Fractal Analytics was founded in 2000 to provide strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions.

11.     Since its founding, Fractal Analytics has used the FRACTAL and FRACTAL ANALYTICS marks around the world, including in the United States, in association with software development, data analytics, and related services (collectively the "FRACTAL ANALYTICS Marks").

12.     Fractal Analytics advertises its services through, *inter alia*, its website, at www.FractalAnalytics.com.

13.     The FRACTAL word mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934960.  *See* Exhibit B.

14.     The FRACTAL design mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4944078.  *See* Exhibit C.

15.     The FRACTAL ANALYTICS mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934961.  *See* Exhibit D.

16.     Fractal Analytics' federal registrations for the FRACTAL ANALYTICS Marks are *prima facie* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce.

## UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAME

17.      The Defendant Domain Name is FractalAnalyticsPro.com, which is merely Fractal Analytics' registered FRACTAL ANALYTICS Marks with "Pro" added to the end.

18.      Upon information and belief, the Defendant Domain Name was first registered on March 28, 2018.

19.      The use of the FRACTAL ANALYTICS mark within the Defendant Domain Name and/or associated website is without authorization from Fractal Analytics.

20.      Upon information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the Defendant Domain Name.

21.      Upon information and belief, the Defendant Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant.

22.      Upon information and belief, registrant never made bona fide noncommercial or fair use of the FRACTAL ANALYTICS Marks in a site accessible under Defendant Domain Name.

23.      Upon information and belief, the registrant of the Defendant Domain Name intends to divert consumers from the Fractal Analytics' online locations to a site accessible under the Defendant Domain Name that could harm the goodwill represented by the FRACTAL ANALYTICS Marks, either for commercial gain or with the intent to tarnish or disparage the FRACTAL ANALYTICS Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site(s) accessible under the Defendant Domain Name.

24.      As of July 24, 2018, when one attempts to access the FractalAnalyticsPro.com domain, the following content is displayed:





25.     Upon   information   and   belief,   the   person   or   persons   behind
FractalAnalyticsPro.com are engaging in a financial investment advisory or broker type fraud
wherein they solicit investment monies under the name FRACTAL ANALYTICS, using the
FractalAnalyticsPro.com site as an attempt to legitimize their activities, and then steal or
otherwise convert such monies rather than making legitimate investments on behalf of clients.

26.    Upon information and belief, the registrant of the Defendant Domain Name has not engaged in a bona fide offering of any good or services in connection with the FRACTAL ANALYTICS Marks in the website accessible under the Domain Name.

27.    Upon information and belief, the registrant of the Defendant Domain Name has not engaged in bona fide noncommercial or fair use of the FRACTAL ANALYTICS Marks in a website accessible under the Domain Name.

28.    The website displayed by the registrant of the Defendant Domain Name is likely to be confused with Fractal Analytics' legitimate online locations at FractalAnalytics.com.

29.    The website displayed by the registrant of the Defendant Domain Name is likely to cause confusion, or to cause mistake, or to deceive the relevant public as to the source or sponsorship of that website, and to mislead the public into believing that such website emanates from, is approved or sponsored by, or is in some way associated or connected with, Fractal Analytics.

30.    Upon information and belief, the registrant of the Defendant Domain Name registered and/or re-registered the Domain Name with intent to divert consumers away from Fractal Analytics' legitimate online locations, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name and the site displayed through use of the Defendant Domain Name.

31.    Upon information and belief, the registrant of the Defendant Domain Name provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Name in that the person or entity identified as the registrant of the Defendant Domain Name is not the true owner of the Domain Name.

32.     The registrant of FractalAnalyticsPro.com is unknown because the registrar is concealing such information.

33.     Upon information and belief, the use of the FRACTAL ANALYTICS Marks in the Defendant Domain Name does not constitute the registrant's individual name, or the individual name of anyone in privity with registrant, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of registrant, or their geographic origin.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

34.     Fractal Analytics repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

35.     Fractal Analytics' federally registered FRACTAL ANALYTICS Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration and/or re-registration of the Defendant Domain Name.

36.     The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to the Fractal Analytics' FRACTAL ANALYTICS Marks, with bad faith intent to profit therefrom.

37.     In light of the concealment of the identity of the owner of the Defendant Domain Name, Fractal Analytics is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

38.     Fractal Analytics, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

39.     The aforesaid acts by the registrant of the Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

40.     The aforesaid acts have caused, and are causing, great and irreparable harm to Fractal Analytics and the public.  The harm to Fractal Analytics includes harm to the value and goodwill associated with the FRACTAL ANALYTICS Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Fractal Analytics is entitled to an order transferring the Defendant Domain Name registration to Fractal Analytics.

## COUNT TWO:
### (*In-Rem* Trademark Infringement)

41.     Fractal Analytics repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

42.     At the time the Defendant Domain Name was registered and/or used, Fractal Analytics possessed valid federal trademark rights in the FRACTAL ANALYTICS Marks.

43.     In light of the registrar's concealment of the identity of the owner of the Defendant Domain Name, Fractal Analytics is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

44.     Fractal Analytics, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

45.     The registration and use of the Defendant Domain Name is a use in commerce.

46.     The registration and use of the Defendant Domain Name affects Fractal Analytics' ability to use its FRACTAL ANALYTICS Marks in commerce.

47.     The Defendant Domain Name and its registrant have no valid rights in the FRACTAL ANALYTICS Marks.

48.     At the time the Defendant Domain Name was registered and/or used, the Defendant Domain Name and its registrant were on actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Fractal Analytics' superior rights in its FRACTAL ANALYTICS Marks by reason of the existence, at that time, of Fractal Analytics' aforestated federal trademark rights.

49.     Use by the Defendant Domain Name and its registrant of the FRACTAL ANALYTICS Marks is without the permission or authorization of Fractal Analytics.

50.     The aforesaid registration and/or use of the Defendant Domain Name has caused and is likely to continue to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or the websites provided thereunder are those of, are sponsored or approved by, or are in some way connected with Fractal Analytics.

51.     The aforesaid registration and use of the Defendant Domain Name constitutes direct infringement of Fractal Analytics' trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52.     The aforesaid acts have caused, and are causing, great and irreparable harm to Fractal Analytics and the public.  The harm to Fractal Analytics includes harm to the value and goodwill associated with the FRACTAL ANALYTICS Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

### PRAYER FOR RELIEF

WHEREFORE, Fractal Analytics respectfully requests of this Court:

1.     That judgment be entered in favor of Fractal Analytics on its claims of cybersquatting and trademark infringement;

2.     That the Court order the Defendant Domain Name be transferred to Fractal Analytics through transfer by VeriSign, Inc. of the Defendant Domain Name from the current domain name registrar to Fractal Analytics' domain name registrar of choice and by such registrar's change of the registrant to Fractal Analytics;

3.     That any other domain name(s) registered by the registrant of the Defendant Domain Name that resemble or include the FRACTAL ANALYTICS Marks be transferred to Fractal Analytics;

4.     That the Court order an award of costs and reasonable attorney's fees incurred by Fractal Analytics in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5.     That the Court order an award to Fractal Analytics of such other and further relief as the Court may deem just and proper.


Dated: July 24, 2018          By:     _____
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      A. Neal Seth (*for pro hac admission*)
                                      David E. Weslow (*for pro hac admission*)
                                      Alexander B. Owczarczak (*for pro hac admission*)
                                      WILEY REIN LLP
                                      1776 K St. NW
                                      Washington, DC 20006
                                      (202) 719-7000 (phone)
                                      (202) 719-7049 (fax)
                                      nseth@wileyrein.com
                                      abarnes@wileyrein.com
                                      dweslow@wileyrein.com
                                      aowczarczak@wileyrein.com

                                      *Counsel for Plaintiff*
                                      *Fractal Analytics, Inc.*