IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| FRACTAL ANALYTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:18-cv-00853 |
| | ) | |
| FRACTALANALYTICSPRO.COM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT & RECOMMENDATION

This matter comes before the Court on plaintiff Fractal Analytics, Inc.'s ("plaintiff" or "Fractal Analytics") Motion for Default Judgment (Dkt. No. 16). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

## I.   Procedural Background

On July 24, 2018, plaintiff brought an *in rem* action for cybersquatting and trademark infringement against defendant FractalAnalyticsPro.com ("defendant" or "Domain Name") (Dkt. No. 1). The Complaint alleges two counts: Count One alleges a violation under the Federal Anti-Cybersquatting Protection Act ("ACPA"), 15 U.S.C. § 1225(d), for the "registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar" to plaintiff's trademarks with bad faith intent to profit, Compl. (Dkt. No. 1) ¶¶ 34-40; Count Two alleges an *in rem* violation under the Lanham Act, 15 U.S.C. § 1114(d), for the use of plaintiff's marks without plaintiff's permission or authorization, *id.* at ¶¶ 41-52. In the Complaint, plaintiff seeks judgment on both counts to be entered in its favor; an order stating

that defendant's domain name be transferred to plaintiff through a third-party domain name registry operator, VeriSign, Inc. ("VeriSign"), from the current domain name registrar to plaintiff's domain name registrar of choice and that any other domain name(s) registered by the registrant of defendant's domain name that resembles or include plaintiff's trademarks be transferred to plaintiff; and an award of reasonable attorneys' fees and costs incurred pursuant to 15 U.S.C. § 1117(a), among any other relief as the court may deem just and proper. *Id.* at pgs. 9-10.

On September 18, 2018, plaintiff filed a declaration of Alexander B. Owczarczak stating that it effectively served process on defendant (Dkt. No. 13), and, on October 2, 2018, plaintiff moved for an entry of default judgment against defendant (Dkt. No. 14). The Clerk of Court entered default against defendant on October 16, 2018 (Dkt. No. 15). The next day, on October 17, 2018, plaintiff filed a Motion for Default Judgment (Dkt. No. 16), along with a Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment (Dkt. No. 17) and a Notice of Motion for November 9, 2018 (Dkt. No. 16). Specifically, plaintiff seeks an order granting its motion, entering default in its favor, directing VeriSign to change the registrar of record for defendant in the .COM registry to plaintiff's registrar of choice, BigRock Solutions, Ltd. ("BigRock Solutions"), and dismissing without prejudice Count Two for *in rem* trademark infringement. Pl. Proposed Order (Dkt. No. 16-1) 1-2. On November 9, 2018, counsel for plaintiff appeared at the hearing on the motion for default judgment before the undersigned and no claimant appeared on behalf of defendant (Dkt. No. 20).

## II.   Factual Background

The following facts are established by the Complaint (Dkt. No. 1) and Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment (Dkt. No. 17).

Plaintiff is a corporation organized and existing under New York law with a principal place of business in San Mateo, California. Compl. (Dkt. No. 1) ¶ 2. Plaintiff was founded in 2000 "to provide strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions." *Id.* at ¶¶ 3, 10. Plaintiff advertises its services through its website at www.FractalAnalytics.com. *Id.* at ¶ 12. Since its founding, plaintiff has used the "FRACTAL" and "FRACTAL ANALYTICS" marks (collectively, the "FRACTAL ANALYTICS Marks") around the world in association with software development, data analytics, and related services. *Id.* at ¶ 11. The "FRACTAL" word is registered on the Principal Trademark Register of the United States Patent and Trademark Office ("USPTO") under registration number 4934960, Compl., Ex. B (Dkt. No. 1-2) 2, the "FRACTAL" design mark is also registered on the Principal Trademark Register of the USPTO under registration number 4944078, Compl., Ex. C (Dkt. No. 1-3) 2-3, and the "FRACTAL ANALYTICS" mark is likewise registered under registration number 4934961, Compl., Ex. D (Dkt. No. 1-4) 2-3. Plaintiff's federal registrations for the FRACTAL ANALYTICS Marks are *prima facie* evidence of the validity of the marks, plaintiff's ownership of the marks, and plaintiff's exclusive right to use the marks in United States commerce. *Id.* at ¶ 16.

Based on the records in the WHOIS database of domain name registrations, defendant is an internet domain name registered by the registrant GoGaddy.Com, LLC ("GoDaddy") to an unknown registrant on March 28, 2018. *Id.* at ¶¶ 4, 18. Defendant's domain name FractalAnalyticsPro.com is plaintiff's registered FRACTAL ANALYTICS Marks simply with "Pro" added at the end of the name. *Id.* at ¶ 17. The use of the marks within defendant's domain name and associated website is not authorized by plaintiff, *id.* at ¶ 19, defendant does not have

3

any trademark or other intellectual property rights in the domain name, *id.* at ¶ 20, defendant's domain name does not consist of the legal name of the registrant or name that is otherwise commonly used to identify the registrant, *id.* at ¶ 21, and the registrant never made a bona fide noncommercial or fair use of the FRACTAL ANALYTICS Marks in a site accessible under defendant's domain name, *id.* at ¶ 22.

Defendant is engaging in financial investment advisory or broker-type fraud to solicit investment monies under plaintiff's name and using  FractalAnalyticsPro.com as an attempt to legitimize their activities, and then stealing such monies from users rather than making legitimate investments. *Id.* at ¶ 25. As of June 24, 2018, when a user attempts to access FractalAnalyticsPro.com, the user is directed to a website that contains the FRACTAL ANALYTICS Marks. *Id.* at ¶ 24. Defendant seeks to divert consumers from plaintiff's online location to defendant's domain name that could harm the goodwill represented by the FRACTAL ANALYTICS Marks, either for commercial gain or with the intent to tarnish or disparage the marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site(s) accessible under defendant's domain name. *Id.* at ¶ 23.

## III. Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. The court has original subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) because this action arises under federal law, the ACPA and the Lanham Act. There is *in rem* jurisdiction over defendant pursuant to 15 U.S.C. § 1225(d)(2)(A)(ii) because the listed registrant of defendant's domain name is being concealed by the registrar and, therefore, plaintiff cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. §

1125(d)(1)(A) and/or plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Compl. (Dkt. No. 1) ¶ 7. Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(C) because the .COM domain name registry operator, VeriSign, is located within this court's judicial district and defendant is a .COM domain name. *Id.* at ¶ 9.

The ACPA provides that for *in rem* actions, service of process must be made by:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)-(bb). Plaintiff has complied with subsection (aa) by providing the current registrant of defendant's domain name with notice of plaintiff's intent to proceed *in rem* under the ACPA and including a copy of the Complaint. Pl. Mem. In Support of Mtn. Publication, Ex. A (Dkt. No. 4-1) ¶ 6. The notice was sent to the postal and email addresses set forth in the registration for defendant's domain names. *Id.* Plaintiff further complied with subsection (bb) by filing a Motion for Service of Publication on June 30, 2018 (Dkt. No. 3), which the Court granted on September 5, 2018 requiring plaintiff to publish the Order in *The Washington Times* or *The Washington Post* within fourteen (14) days after entry of the Order and to file a declaration within twenty (20) days after entry of the Order describing the steps plaintiff took to comply with the Order (Dkt. No. 12). Accordingly, on September 10, 2018, plaintiff published a copy of the Court's June 2018 Order in *The Washington Post* advising defendant of the instant action and filed a declaration describing plaintiff's compliance with the Court's Order on September 18, 2018. *See* Owczarczak Declr. (Dkt. No. 13) ¶¶ 4-5. Because defendant failed

to file an answer or respond within twenty-one (21) days from the date of publication in *The Washington Post*, the Clerk entered the default of defendant (Dkt. No. 13).

## IV. Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the Complaint, supported by plaintiff's Motion for Default Judgment and Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment, establish that defendant violated the ACPA. Given plaintiff's request, the undersigned further finds that Count

Two should be dismissed without prejudice.[1] Accordingly, plaintiff is entitled to the relief requested in its motion, the transfer of defendant's domain names to plaintiff.

The ACPA provides that a person is liable to a trademark owner if that person (1) registers, traffics in, or uses a domain name that is identical or confusingly similar to a distinctive or famous mark or is a trademark and (2) has a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The Complaint pleads both that defendant's domain name is confusingly similar to plaintiff's distinctive FRACTAL ANALYTICS Marks and that the registration and use of the domain name was in bad faith.

First, plaintiff's federal registration of the FRACTAL ANALYTICS Marks on the Principal Trademark Register of the USPTO is *prima facie* evidence that the mark is at least descriptive and distinctive. *Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001) ("With a certificate of registration, therefore, the registrant obtains prima facie evidence that its mark is not generic in the eyes of the relevant public and that its mark is not 'merely' descriptive, but at a minimum is descriptive *and* has obtained secondary meaning.") (internal citations omitted) (emphasis in original). Moreover, since at least 2000, plaintiff has used the FRACTAL ANALYTICS Marks in interstate commerce to "provide strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions." Compl. (Dkt. No. 1) ¶ 10. Through plaintiff's use and promotion of its marks, the

---

[1] In plaintiff's memorandum in support of its default judgment, it requested "that the Court dismiss the Second Count of *In Rem* Trademark Infringement [under the Lanham Act] without prejudice given that the only relief being sought may be ordered pursuant to the First Count of *In Rem* Cybersquatting." Pl. Br. (Dkt. No. 17) 3.

marks have become famous and/or distinctive in connection with plaintiff's services and consumers have come to distinguish and recognize the legitimacy of plaintiff's services.

The next consideration is whether defendant's domain name is identical or confusingly similar to plaintiff's FRACTAL ANALYTICS Marks. "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark. Rather, the 'dominant or salient portions' of the domain name must be sufficiently similar." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 936 (4th Cir.1995)); *see, e.g.*, *Agri-Supply Co.*, 457 F. Supp. 2d at 664 (finding that defendant's domain name "Agrisupply.com" was "confusingly similar" to plaintiff's trademark "Agri-Supply," including the domain name "Agri-Supply.com"). Defendant's domain name, [FractalAnalyticsPro.com](FractalAnalyticsPro.com), is virtually identical to plaintiff's FRACTAL ANALYTICS Marks except for the word "Pro" tacked on at the end of the domain name. Moreover, the addition of a top-level domain signifier, such as .COM, to a protected trademark does not diminish the confusing similarity. *See, e.g.*, *Investools, Inc. v. Investtools.com*, 2006 WL 2037577, at *3 (E.D. Va. July 17, 2006) ("The addition of a '.com' to Plaintiff's mark is of minimal importance in distinguishing the mark and diminishing the likelihood of confusion, as many internet users are likely to associate the Defendant domain names with [Plaintiff's] mark.") (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999)). Thus, the addition of the .COM to defendant's domain name does not render it any less confusingly similar to plaintiff's marks.

Having found that plaintiff's FRACTAL ANALYTICS Marks are distinctive and that defendant's domain name is confusingly similar to plaintiff's marks, the last consideration is

whether defendant's domain name was registered or used in bad faith with the intent to profit. The ACPA lists several factors that a court may consider in determining bad faith, but do not need to be exhaustively considered. *Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005). These factors include:

> (I) a defendant's intellectual property rights in the domain name;

> (II) the extent to which the name consists of defendant's legal name;

> (III) a defendant's prior use of the domain name in connection with the bona fide offering of any goods or services;

> (IV) a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

> (V) a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark;

> (VI) a defendant's offer to transfer, sell, or otherwise assign the domain name to the plaintiff or any third party for financial gain without having used, or the intent to use, the domain name in the bona fide offering of any goods or services;

> (VII) a defendant's provision of misleading or false contact information when applying for registration of the domain name;

> (VIII) a defendant's registration or acquisition of multiple domain names which it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names without regard to the goods or services of the parties; and

> (IX) to the extent to which the mark incorporating in a defendant's domain name registration is or is not distinctive.

*See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(IX). In relevant part, the undersigned finds that defendant does not have intellectual property rights in the domain name, § 1125(d)(1)(B)(i)(I); given the nature of the FRACTAL ANALYTICS Marks, defendant's domain name does not appear to reflect the legal name or names of the registrant, § 1125(d)(1)(B)(i)(II); defendant has not engaged in bona fide noncommercial or fair use of the mark or a bona fide offering of any goods

or services, § 1125(d)(1)(B)(i)(III)-(IV); defendant is using the domain name to divert consumers away from plaintiff's website for commercial gain that has resulted in harm to the FRACTAL ANALYTICS Marks, § 1125(d)(1)(B)(i)(V); defendant has supplied false contact information when registering the domain name, § 1225(d)(1)(B)(i)(VII); defendant sought to have the domain name be confusingly similar to the FRACTAL ANALYTICS Marks, § 1225(d)(1)(B)(i)(VIII); and the FRACTAL ANALYTICS Marks are distinctive, § 1225(d)(1)(B)(i)(IX).

Accordingly, plaintiff's Complaint pleads sufficient facts to show that plaintiff possess trademark rights in defendant's domain name, that defendant's domain names is confusingly similar to the FRACTAL ANALYTICS Marks, and that defendant had bad faith intent to profit from using the domain name. 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *Doughney*, 263 F.3d at 367. Therefore, the undersigned finds that plaintiff is entitled to relief under the ACPA.

## VI.   Recommendation

For the foregoing reasons, the undersigned recommends:

1) Granting Plaintiff's Motion for Default Judgment;

2) Entering an Order directing that VeriSign change the registrar of record for defendant to plaintiff's registrar of choice, BigRock Solutions Ltd., and that BigRock Solutions Ltd. take the necessary steps to have plaintiff listed as the registrant for the domain name; and

3) Dismissing Count Two of the Complaint because plaintiff's relief may be granted exclusively under the ACPA.

**VII.     Notice**

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant Domain Names at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
_____
Michael S. Nachmanoff
United States Magistrate Judge

November 30, 2018
Alexandria, Virginia